1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Johnny C. TAYLOR, Plaintiff-Appellant,
v.
Louis SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-55203.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1993.*
Decided July 19, 1993.
 
 1
 Before GIBSON,** HALL, and KLEINFELD Circuit Judges.
 
 
 2
 MEMORANDUM***
 
 
 3
 Johnny Taylor appeals the district court's grant of summary judgment in favor of the Secretary of Health and Human Services upholding the Secretary's denial of Taylor's application for Title II Social Security disability insurance benefits. The issues before this court are: (1) whether substantial evidence supports the Secretary's decision that Taylor retained the residual functional capacity to perform light work, including jobs identified by the vocational expert; and (2) whether the Secretary erred in failing to properly evaluate Taylor's alcoholism prior to January 4, 1990. We affirm.
 
 
 4
 The Secretary's decision to deny benefits must be upheld if substantial evidence in the record supports the decision, and if the Secretary applied the proper legal standards. Clem v. Sullivan, 894 F.2d 328, 330 (9th Cir.1990). To be considered disabled, Taylor must have suffered from "a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. Sec. 423(d)(1)(A). The impairment must be of "such severity that [Taylor] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. Sec. 423(d)(2)(A). The claimant has the burden of showing that he is disabled. Id. Sec. 423(d)(5). Taylor did not meet this burden.
 
 
 5
 The Secretary found that Taylor had the capacity to do light work which allowed the option of sitting or standing. The testimony of both Dr. Bowman and Dr. MacGaffey supports this conclusion. After examining Taylor, Dr. Bowman concluded that Taylor's physical condition would only prevent him from performing "construction work or other activities that require repeated bending and lifting." Dr. MacGaffey also examined Taylor and stated that although it was unlikely that Taylor could return to his previous line of work, he could possibly be rehabilitated to perform some other kind of work.
 
 
 6
 Taylor's own account of his condition also supports the Secretary's findings. According to the 1987 Department of Social Services evaluation, Taylor "state[d] that the pain is occasionally aggravated by bending, walking, lifting, pushing, pulling or standing." (Emphasis added). Moreover, he apparently is able to attend to his personal needs without difficulty. He is able to focus on reading and playing cards, visit with his cousins, do dishes, and wash the family cars. Taylor's ability to perform these tasks indicates that he is fully able to perform the tasks required by light work.
 
 
 7
 The opinion of Dr. Anand conflicts with the bulk of the testimony and evidence. Dr. Anand's opinion that Taylor was unable "to sit, stand, bend, stoop, lift or push" was not based on reliable, objective clinical or diagnostic findings. This conclusion of disability even conflicted with some of Dr. Anand's own findings. The record is unclear as to whether Dr. Anand was Taylor's "treating physician". However, even if he were, a treating physician's contradicted opinion may be rejected for specific and legitimate reasons. The Secretary is charged with determining the credibility of medical testimony and resolving ambiguities in the evidence. Magallenes v. Bowen, 881 F.2d 747, 750-51 (9th Cir.1989). Substantial conflicting evidence in the record as well as inconsistency in Dr. Anand's own findings is legitimate reason to reject his conclusions. Thus Secretary appropriately rejected his opinion.
 
 
 8
 As to Taylor's psychological profile, Dr. Bolter testified that Taylor had an adjustment disorder with mixed emotional features as well as some anxiety and depression, but that he had no serious mental disorder. He concluded that Taylor would be able to perform basic work activities so long as exposure to the public was limited. This limitation was taken into account by both the vocational expert and the Secretary in their analyses.
 
 
 9
 Finally, Dr. Anagnost's testimony as a vocational expert also supports the Secretary's findings. In commenting on a hypothetical claimant with Taylor's characteristics, Dr. Anagnost stated that while the claimant would be unable to return to his past work, he could perform other jobs such as that of general inspector or general assembler, both available in Taylor's region. Taylor's assertion that the hypothetical claimant presented to Dr. Anagnost did not possess all of Taylor's difficulties is meritless. The hypothetical included all of Taylor's proven physical and psychological problems.
 
 
 10
 We conclude that substantial medical and vocational evidence supports the Secretary's determination that Taylor retained the residual functional capacity to perform light work available in his region. We also conclude that the Secretary applied the proper legal standards. Taylor is therefore not entitled to social security disability insurance benefits under 20 C.F.R. Sec. 404.1520(f) (1991).
 
 
 11
 Taylor also contends that the Secretary erred in failing to properly evaluate his alcoholism. In Cooper v. Bowen, 815 F.2d 557, 560 (9th Cir.1987), we held that once the claimant establishes evidence of diagnosed alcoholism, the Secretary must "inquire" as to whether the claimant is able to control his use of alcohol and "must make a specific finding on the claimant's ability to control his or her drinking and its disabling effect." The record reveals nothing which indicates that the Secretary did not follow Cooper. In fact, the administrative law judge clearly stated, "the claimant has demonstrated that he has the capacity to control his consumption of alcohol." ALJ Hearing Decision at 5. Moreover, we note that, under Cooper, prior periods of abstinence and successful treatment are evidence of a claimant's ability to control his drinking. Cooper, 815 F.2d at 561. Taylor testified at the hearing that he had been sober for approximately six weeks, since completing his first alcohol treatment program. Dr. Bolton also testified that Taylor's alcoholism was in remission. Furthermore, Taylor indicated that he had had some success in the past remaining sober "for six months on one occasion" and "for two or three months on several occasions." Thus, the Secretary appears to have correctly concluded that Taylor has some control over his alcohol consumption.
 
 
 12
 We also held in Cooper that once a disability claimant shows that he is a diagnosed alcoholic, the Secretary must determine "whether alcoholism precludes him from obtaining and maintaining employment". Id. The administrative law judge explicitly found that "it is clear that [Taylor] is able to control his consumption of alcohol and his alcohol use would not prevent him from obtaining and maintaining employment." ALJ Hearing Decision at 5. Furthermore, the fact that Taylor worked for many years despite his alcoholism supports the conclusion that Taylor did not have a disabling alcohol abuse problem. See id.; cf., Gregory v. Bowen, 844 F.2d 664, 667 (9th Cir.1988) (claimant had worked for a number of years with the same back problem alleged as disabling).
 
 
 13
 We conclude that substantial evidence supports the Secretary's decision that Taylor retained the residual functional capacity to perform light work, including jobs identified by the vocational expert. We also conclude that the Secretary properly evaluated Taylor's alcoholism. Therefore, Taylor is not entitled to social security disability insurance benefits under 20 C.F.R. Sec. 404.1520(f) (1991).
 
 
 14
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Floyd R. Gibson, Senior Circuit Judge, Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3