79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barbara E. MILLS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Defendant-Appellee.
 No. 95-35133.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1996.
March 15, 1996.
 
 1
 Before: HALL and TROTT, Circuit Judges, and RAFEEDIE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Barbara Mills appeals the denial of her application for Title XVI Supplemental Social Security Income (SSI) benefits. The Administrative Law Judge found that Mills is not eligible for SSI disability benefits because she is capable of performing the duties required of a parking lot cashier or an alarm monitor (two jobs which exist in significant numbers in the national economy). We find that the ALJ's findings are supported by substantial evidence and therefore affirm.
 
 
 4
 * This court reviews de novo the district court's order upholding the Secretary's denial of benefits. Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir.1993). However, the scope of appellate review is limited and the decision of the Secretary must be affirmed if it is supported by substantial evidence and there has been no legal error. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). Substantial evidence is relevant evidence which a reasonable person, considering the entire record, might accept as adequate to support the Secretary's conclusion. Id. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id.
 
 II
 
 5
 Under the Social Security Act (Act), an unemployed individual is entitled to benefits if she "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Secretary has created a five-step sequential process for determining whether a person is disabled under the Act. 20 C.F.R. § 404.1520. Here, Mills alleges no errors in the first four steps of the ALJ's analysis. Instead, Mills focuses her complaints on the ALJ's finding that there is substantial gainful work in the national economy that Mills can perform--specifically, that Mills can perform the duties of an alarm monitor or a parking lot cashier.
 
 
 6
 The Secretary bears the burden of proving that Mills can perform substantial gainful work. Villa v. Heckler, 797 F.2d 794, 797 (9th Cir.1986). In general, this burden can be met through the testimony of a vocational expert, see, e.g., Barker v. Secretary of Health & Human Services, 882 F.2d 1474, 1478 (9th Cir.1989), unless the expert's assumptions about the claimant do not adequately reflect the claimant's impairments. Jones v. Heckler, 760 F.2d 993, 998 (9th Cir.1985).
 
 
 7
 Mills contends that no substantial evidence supports the ALJ's decision not to instruct the vocational expert to assume that Mills's productivity level is limited to 32% or 37% (Mills's average production levels at Custom Industries). This argument is not persuasive. Throughout the hearings there was considerable discussion over the accuracy and meaning of the Custom Industries statistics. Mills testified that she had difficulty at Custom Industries because of supervisor harassment, and the vocational expert indicated that the low numbers could have been tainted by this harassment. Although Mills later submitted a letter from Custom Industries stating that it has a policy against harassment, it was not unreasonable for the ALJ to decide that Mills had been harassed, and that this harassment had tainted her production level. Moreover, the Custom Industries documents show that Mills has comparatively high productivity levels at some tasks (e.g., 92% at "Envelope and Seal Assembly"), indicating that the 32% or 37% average production levels do not accurately reflect Mills's potential productivity at all jobs.
 
 
 8
 Mills also contends that the hypothetical the ALJ posed to the vocational expert failed to accurately reflect the ALJ's findings that Mills experiences decreased energy, feelings of guilt or worthlessness, and hallucinations, delusions or paranoid thinking. This argument is without merit. The "findings" to which Mills refers are contained in the "OHA Psychiatric Review Technique Form" and are listed as symptoms of depressive syndrome. In his hypothetical, the ALJ included depression as one of Mills's limitations. Therefore, no error was committed.
 
 
 9
 Mills also asserts that evidence presented to the ALJ shows that Mills is not capable of performing the tasks required of a parking lot attendant or an alarm monitor. Mills argues that she cannot be a parking lot attendant because the Dictionary of Occupational Titles, U.S. Dept. of Labor (4th Ed.1991) (DOT), classifies the position as light, while the ALJ held that Mills cannot perform more than sedentary activity. However, the vocational expert testified that the DOT category is a general one, and that some of the parking lot cashier positions are sedentary. Because an ALJ may accept a vocational expert's testimony of a job's characteristics even if the testimony conflicts with the DOT, Barker, 882 F.2d at 1478 n. 1, we hold that the ALJ did not err in finding that sedentary parking lot cashier jobs are available.
 
 
 10
 Mills argues that she is not capable of being an alarm monitor because her reading and writing skills are not sufficient for the task. This argument is without merit. During the hearings, the vocational expert testified that "[n]ot really any reading or writing" skills are required for the position, although he admitted that it "would be nice" if an alarm monitor had legible handwriting. The ALJ never discusses the legibility of Mills's handwriting, but Mills's application for disability benefits, which the Secretary asserts (and Mills never disputes) is in Mills's handwriting, shows that Mills is able to write clearly.
 
 
 11
 Finally, Mills suggests that her psychological evaluations, dating back to 1978, preclude a finding that she is capable of substantial gainful activity. Mills points out that none of her medical or psychological reports have stated that she was ready for competitive employment at the time of the evaluation, although some of the reports mentioned that she would eventually be capable of competitive employment. Mills compares her case to Gregory v. Bowen, 844 F.2d 664 (9th Cir.1988), in which this court reversed a determination that a claimant was not disabled.
 
 
 12
 In Gregory, psychologists who examined the claimant consistently reported that the claimant "would be unable to return to work unless provided with a near-ideal, sheltered work environment." Id. at 667. However, in Gregory, unlike the situation presented to this panel, "[t]he Secretary introduced no evidence indicating that the type of modified work of which Gregory remained psychologically capable exists in the national economy." Id. (quotation omitted). Here the Secretary, through the testimony of a vocational expert, presented evidence of jobs in the national economy which Mills would be capable of performing. Therefore, the ALJ's determination that Mills is capable of performing the duties of a parking lot cashier or an alarm monitor is supported by substantial evidence.
 
 III
 
 13
 We have considered all of the other arguments raised by the parties and have determined that they do not merit discussion. Because substantial evidence supports the ALJ's decision, we affirm.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Shirley S. Chater, Commissioner of Social Security, substituted for Donna E. Shalala, Secretary of Health and Human Services, pursuant to Pub.L. No. 103-296 and Fed.R.App.P. 43(c)(1)
 
 
 **
 The Honorable Edward Rafeedie, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3