**Victor McCLAIN, Plaintiff–Appellant,**

**v.**

William A. HALTER,* Commissioner,
Social Security Administration,
Defendant–Appellee.

No. 99–55594.
D.C. No. CV 98–4776 EEx.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2000.

Decided March 22, 2001.

* William A. Halter is substituted for his prede-
cessor as Commissioner of the Social Security
Administration. Fed. R.App. P. 43(c)(2).

435

Before CANBY, McKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Claimant Victor McClain appeals from the district court's summary judgment affirming a final decision of the Commissioner of Social Security ("Commissioner") denying him disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* McClain argues that the Administrative Law Judge: (1) did not consider whether his impairments in combination met or equaled a listed impairment; and (2) failed to articulate clear

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

and convincing reasons for rejecting McClain's subjective testimony regarding his pain. We have jurisdiction under 12 U.S.C. § 1291, and we reverse and remand for further proceedings consistent with this memorandum.

■■■ The district court's order affirming the Commissioner's denial of benefits is reviewed de novo. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996). This court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir.1996). The court can, however, set aside a denial of benefits not supported by substantial evidence or one based on legal error. *Smolen*, 80 F.3d at 1279.

■■■ McClain first argues that the ALJ failed to consider his "listed impairments" in combination. Any condition that has been listed in the "Listing of Impairments" contained in the regulations is deemed severe enough to warrant an irrebuttable presumption of disability, "without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." *Lester v. Chater*, 81 F.3d 821, 828 (9th Cir.1996) (citing 20 C.F.R. § 404.1520(d)). Moreover, "[w]hen a claimant suffers from multiple impairments, the Commissioner must consider their combined effect in determining whether the claimant is disabled." *Macri*, 93 F.3d at 545 (citing *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir.1988)). The Commissioner must also "adequately explain his evaluation of alternative tests and the combined effects of the impairments[.]" *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir.1989), *quoted in Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir.1990). Thus, if McClain's conditions—separately or in combination—meet or equal a listed impairment, he is conclusively disabled. 20 C.F.R. § 404.1520(d).

■■■ McClain argues that he has two "listed" impairments—chronic heart failure (Listing 4.02(A)) and recurrent lumbar disc herniation (Listing 1.05). There is at least some evidence in the record supporting the ALJ's findings that when evaluated separately, McClain's cardiac impairment and lumbar disc herniation do not meet or equal the relevant listed impairments. The ALJ failed, however, to evaluate McClain's impairments in combination. We therefore reverse on this ground and remand for proper consideration of McClain's impairments.

■■■ McClain also argues that the ALJ improperly rejected the evidence regarding his pain. We require a claimant in Social Security disability cases to "produce medical evidence of an underlying impairment which is reasonably likely to be the cause of the alleged pain." *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc) (adopting standard set forth in *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir.1986)). The medical findings need not support the severity of the pain. *See Cotton*, 799 F.2d at 1407 ("it is improper as a matter of law for an ALJ to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). In the absence of affirmative evidence that a claimant is malingering, "the Commissioner's reasons for rejecting the claimant's testimony must be 'clear and convincing.'" *Lester v. Chater*, 81 F.3d at 834. If the adjudicator rejects a claimant's allegations as not credible, he "must specifically make findings which support this conclusion." *Bunnell*, 947 F.2d at 345. The findings must not force a reviewing court "to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain." *Id.* (citation omitted).

■■■ The ALJ cited no evidence here of malingering. He noted, moreover, that

McClain's back problems were "well documented," but found that these problems did not preclude McClain from performing "at least" sedentary work. The ALJ found McClain not credible regarding the extent of his pain because McClain continued to drive a standard shift Ford Ranger; had not sought approval (due to his cardiac impairment) for *more* back surgery; could cook, do light cleaning, shop for groceries, play the piano several times a week, and drive short distances; and had no problems concentrating.

It is acceptable, of course, for the ALJ to consider McClain's daily activities in determining whether to credit McClain's testimony regarding the severity of the pain. *See Smolen v. Chater,* 80 F.3d at 1284. However, only if McClain "is able to spend a substantial part of [his] day performing household chores or other activities that are transferable to a work setting" may the ALJ reject McClain's testimony on this issue. *Id.* at 1284 n. 7.[1] Evidence that McClain is able to socialize or perform some household chores is not determinative of disability. *See Cooper v. Bowen,* 815 F.2d 557, 561 (9th Cir.1987). He should not be "penalized for attempting to lead [a] normal li[fe] in the face of [his] limitations." *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir.1998).

The record contains more than sufficient evidence of McClain's back pain, dating back to his surgery in 1993. Physician's reports and evaluations noted his complaints of pain, and McClain's own written and oral descriptions of his daily activities evidence his loss of function as his pain increased. Even as he sought treatment for cardiac impairments, McClain reported pain in his left thigh and calf that increased with walking, lifting, pushing, and pulling, even vacuuming. At the hearing, McClain testified that he did not do housework or shop for groceries due to pain. He had difficulty walking more than a block because of shortness of breath and experienced shooting pain and numbness after sitting or standing more than twenty to thirty minutes. There is, therefore, considerable evidence in the record that McClain must rest often while performing any task, and it is most unlikely that any of the tasks could readily be transferred to a work setting. *See Fair,* 885 F.2d at 603. As nearly every reason the ALJ gave for rejecting the credibility of McClain's testimony concerning his pain is contradicted by evidence in the record, we conclude that the ALJ's findings are not supported by substantial evidence. We reverse and remand for this reason as well.

In sum, we find that the ALJ did not properly assess McClain's impairments in combination and improperly rejected McClain's evidence of pain in considering his residual functional capacity. Accordingly, we reverse and remand to the district court with directions to remand to the Commissioner for further proceedings consistent with this memorandum.

REVERSED AND REMANDED.

---

1. "[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication," *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989).