**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEBRA HUBBLE,

        Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE,
 Commissioner of Social Security,

        Defendant - Appellee.

No. 10-35912

D.C. No. 3:09-cv-766-ST

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Janice M. Stewart, Magistrate Judge, Presiding

Submitted January 13, 2012[**]
Seattle, Washington

Before:    O'SCANNLAIN and RAWLINSON, Circuit Judges, and MOLLOY,
District Judge[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Donald W. Molloy, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

October 6, 2010, United States Magistrate Judge Janice M. Stewart affirmed the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Debra Hubble's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433 (2008). Hubble appeals the decision. For the reasons discussed below, the decision is affirmed. Because the parties are familiar with the facts of this case, we restate them here only as necessary to explain our decision.

Substantial evidence supports the ALJ's rejection of the opinions of Dr. Vradenburg, Hubble's chiropractor. Dr. Vradenburg's assessment that Hubble was "fully disabled" was not consistent with the opinions of the other medical sources who evaluated Hubble. Where medical opinions conflict, the ALJ must weigh the credibility of the sources and resolve the conflict. *Thomas v. Barnhart*, 278 F.3d 947, 956–57 (9th Cir. 2002). The ALJ is entitled to give greater weight to opinions from "acceptable medical sources," SSR 06-03p, 2006 WL 2329939, *2, and his conclusion that the other sources were more credible was not unreasonable, *Thomas*, 278 F.3d at 956–57. To the extent that the ALJ was incorrect in stating that Dr. Vradenburg did not perform a physical examination of Hubble and in his interpretation of Dr. Vradenburg's medical notes regarding Hubble's ability to control her pain with Ibuprofen, the error is harmless.

The ALJ provided specific, clear, and convincing reasons for rejecting Hubble's testimony about the extent of her symptoms. *Rollins v. Massanari*, 261 F.3d 853, 856–57 (9th Cir. 2001)(citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)). The ALJ reasonably concluded that Hubble's ability to work with similar impairments in the past undermines her claimed inability to work now. *Gregory v. Bowen*, 844 F.2d 664, 666–67 (9th Cir. 1988). Additionally, the ALJ found that Hubble's actual activities are inconsistent with a finding of disability, and that all the medical opinions besides Dr. Vradenburg's support the conclusion that Hubble is capable of sedentary work.

Nor did the ALJ err in discounting the statement of Mindy Deter, Hubble's neighbor. It was based entirely upon Hubble's self-reported symptoms, which the ALJ had already discounted.

The ALJ provided germane reasons to reject the 2005 third-party function report completed by Hubble's husband, Dan Hubble. The report had been edited by another person, which called into question the credibility of the statements and created inconsistencies within the report. The ALJ did not need to provide reasons to reject Dan Hubble's 2003 third-party function report because the report was largely consistent with the ALJ's determination of Hubble's residual functional capacity.

3

The ALJ properly considered Hubble's obesity and pain disorder in his determination. He listed both as severe medical impairments and gave significant weight to medical source reports that considered how Hubble's obesity and pain disorder might exacerbate the extent of her symptoms. His conclusion that they did not further impact her residual functional capacity was reasonable.

The ALJ also properly determined that Hubble's impairments do not meet or equal Listing 1.02. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.02. The record does not support Hubble's contention that she was unable to ambulate effectively for a period lasting longer than 12 months.

Additionally, the ALJ did not err in finding that Hubble is capable of performing her past relevant work. The ALJ properly relied on the vocational expert's testimony that Hubble could perform the work as it is generally performed in the national economy, based on a hypothetical presenting Hubble's residual functional capacity. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (vocational expert opinion evidence is reliable if the hypothetical "set[s] out *all* the limitations and restrictions of the particular claimant" (internal quotation marks omitted)). Accordingly, substantial evidence supports the ALJ's conclusion at step four, and the ALJ was not required to reach step five.

The ALJ did not provide specific reasons for rejecting the 2004 and 2008

testimony of Dan Hubble, some of which conflicts with the ALJ's residual functional capacity determination. However, based on the totality of the evidence in the record, we are convinced that no reasonable ALJ, even crediting Dan Hubble's testimony, could have reached a different disability determination. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

Accordingly, the ALJ properly considered or rejected the evidence in this matter, and substantial evidence supports his findings.

AFFIRMED.