Wanda GREGORY, Plaintiff–Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellee.

No. 87–3540.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 1988.

Decided April 14, 1988.

James S. Coon, Imperati, Barnett, Sherwood & Coon, Portland, Or., for plaintiff-appellant.

Shelly R. Brown, Asst. Regional Counsel, Dept. of Health & Human Services, Region X, Seattle, Wash., for defendant-appellee.

Before GOODWIN, NELSON and LEAVY, Circuit Judges.

GOODWIN, Circuit Judge:

Wanda Gregory appeals from a judgment denying her claim that she was disabled within the meaning of the Social Security Act. The district court upheld the administrative law judge's decision denying the claim. Gregory argues that the administrative decision was not supported by substantial evidence. She also seeks attorneys' fees under 42 U.S.C. § 406(b)(1) (1982). We reverse and remand.

Gregory was born on June 25, 1921. She has a high-school education. She has worked as a clerk-typist at various times, most recently for the State of Oregon. She was discharged from that job in April 1979 because she worked too slowly. Gregory's Social Security insured status expired on September 30, 1981.

Gregory has a long history of lower back problems. In August 1981, she underwent pelvic and bladder reconstructive surgery to correct urinary incontinence. She also has significant mental and emotional problems that adversely affect her ability to work.

Under 42 U.S.C. § 405(g) (1982), the Secretary's findings of fact are conclusive if supported by substantial evidence. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir.1985). "Substantial evidence is ' "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." ' " *Id.* at 848 (*quoting Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938))).

Disability is statutorily defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not

less than 12 months." 42 U.S.C.A. § 423(d)(1)(A) (West Supp.1987); *see* 20 C.F.R. § 404.1505(a) (1987). Under this definition, Gregory must show that as of September 30, 1981—the date that her insured status expired—she had "a severe impairment, which [made her] unable to do [her] previous work or any other substantial gainful activity which exists in the national economy." *Id.*

Gregory claims that she should have been deemed disabled under the medical-vocational grids, which mandate a finding of disability where individuals satisfy certain requirements of residual functional capacity, age, education and work experience. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2 (1987). Under the appropriate provision, Rule 201.06 of the grids, Gregory should be deemed disabled if she is found to be unable to return to her past work.[1]

■ We reject the Secretary's claim that we should give res judicata effect to a September 24, 1981 agency decision rejecting Gregory's application for benefits. The doctrine of res judicata should not be applied rigidly in administrative proceedings. *See Lyle v. Secretary of Health and Human Servs.*, 700 F.2d 566, 568 n. 2 (9th Cir.1983). Because Gregory's 1983 application raised the new issue of psychological impairments, it would be inappropriate to apply res judicata to bar her claim. *See Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir.1985) (suggesting that res judicata may be inappropriate where the claimant has presented new facts to demonstrate that a prior determination of nondisability may have been incorrect); *Thompson v. Schweiker*, 665 F.2d 936, 940–41 (9th Cir. 1982) (same). Because Gregory was not represented by counsel when she filed her 1981 claim, the rigid application of res judicata would be undesirable. *Cf. Thompson*, 665 F.2d at 941 (observing that the ALJ

has a more exacting duty to probe for relevant facts where a claimant is not represented by counsel). Finally, the ALJ's effective decision to reopen the 1981 claim by considering on the merits the issue of Gregory's disability during the time covered by the 1981 claim precludes agency reliance upon res judicata. *See Singer v. Weinberger*, 513 F.2d 176, 178 (9th Cir. 1975).

In deciding whether the administrative law judge's decision was supported by substantial evidence, we must "consider the combined effect of all of [Gregory's] impairments without regard to whether any such impairment, if considered separately, would be of [sufficient medical] severity." 42 U.S.C.A. § 1382c(a)(3)(G) (West Supp. 1987); *see* 20 C.F.R. § 404.1523 (1987); *Beecher v. Heckler*, 756 F.2d 693, 694–95 (9th Cir.1985).

■ We find that substantial evidence supported the Secretary's decision that Gregory's bladder problems and incontinence did not render her disabled under the regulations. Although testimony indicated that Gregory's bladder leakage had recurred and that she might require an additional operation, she presented no evidence that her incontinence or her need for additional surgery would have made her unable to work "for a continuous period of not less than 12 months." 42 U.S.C.A § 423(d)(1)(A) (West Supp.1987); 20 C.F.R. § 404.1505(a) (1987).

■ We also find that substantial evidence supports the Secretary's finding that Gregory's lengthy history of lower back problems did not render her disabled. Gregory's testimony indicated that she retains the physical capacity to do her prior work; she testified that she could lift ten pounds, walk ten blocks, stand for two hours, sit for an hour and a half, and sew

---

1. Gregory is of "advanced age," *see* 20 C.F.R. § 404.1563(d) (1987), and has a high-school education, placing her under Rule 201.06 or Rule 201.07. Because of her age, Gregory has no transferable skills and therefore falls within Rule 201.06. *See* 20 C.F.R. Pt. 404, Subpt P.,

App. 2, § 201.00(f) (allowing a finding of "transferability of skills to skilled sedentary work" only if there is "very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry").

and do latch-hook work. Furthermore, substantial evidence indicated that the condition of Gregory's back had remained constant for a number of years and that her back problems had not prevented her from working over that time. *See Goodermote v. Secretary of Health and Human Servs.*, 690 F.2d 5, 7 (1st Cir.1982). We therefore find that the Secretary's decision concerning Gregory's back problems was supported by substantial evidence.[2]

■ We find, however, that substantial evidence does not support the Secretary's decision that Gregory's psychiatric problems did not render her disabled as of September 30, 1981. Psychologists who examined Gregory in 1978 and 1979 consistently found that she almost certainly would be unable to return to work unless provided with a near-ideal, sheltered work environment.

Dr. Edward Colbach, evaluating Gregory in May 1978, said that he saw little chance for improvement and that he "doubt[ed] very much whether she will ever work regularly again." Dr. Norman Hickman, examining Gregory in October 1978, concluded that Gregory could return to "full time gainful employment" only in "a very ideal work situation."

In June 1979, counselor Elsie McFarland and psychologist Paul Metzger stated that Gregory's desire to return to work made it difficult to say that she was unemployable but that "it would be extremely difficult to place her." They observed that "[s]he could possibly work part-time in a job which has very few demands, doing work of an extremely routine nature, involving only one or two tasks, where she can work at her own pace." Dr. Arlen Quan, examining Gregory in August 1979, stated that Gregory was "unlikely to resume gainful employment except on her own terms," although he observed that "[t]his is not to say that she is unable to perform gainful employment."

Dr. Deena Stolzberg, in a February 1982 report, concluded that Gregory "appears stabilized in a disability role with both Social Security and Workman's Compensation benefits" and that "it is highly unlikely that at this time she will pursue any more active vocational goals." As the administrative law judge recognized, Gregory's psychological condition continued to deteriorate throughout 1983 and 1984.

Upon review of the record taken as a whole, we find that substantial evidence does not support the Secretary's finding that Gregory was able to work despite her psychological impairments. Nowhere does psychiatric testimony indicate that Gregory was able to return to the type of stressful employment which she had held prior to 1979. The Secretary introduced no evidence indicating that the type of modified work of which Gregory remained psychologically capable "exists in the national economy." 42 U.S.C.A. § 423(d)(1)(A) (West Supp.1987). We find that the evidence supporting the Secretary's conclusion was not such "as a reasonable mind might accept as adequate to support a conclusion." *Miller*, 770 F.2d at 848.

The decision of the Secretary finding that Gregory is not entitled to disability benefits was not supported by substantial evidence. The district court judgment is reversed. The cause is remanded for the entry of a judgment allowing the claim and fixing attorneys' fees.

REVERSED and REMANDED.

---

**2.** Our decision is not altered by the report of Dr. Theodore Pasquesi, which appears to have been based primarily upon his pre-operation assessment of Gregory's bladder condition, rather than on his assessment of her back.