Sabat **QUIÑONES CANDELARIO,** **Plaintiff, Appellee,**

v.

**POSTMASTER GENERAL OF the UNITED STATES, Defendant, Appellant.**

**No. 89–1852.**

United States Court of Appeals, First Circuit.

Heard March 5, 1990.

Decided June 26, 1990.

Rehearing and Rehearing En Banc Denied Sept. 4, 1990.

---

Wendy M. Keats, Appellate Staff, Civil Div., Dept. of Justice, with whom Stuart M. Gerson, Asst. Atty. Gen., Washington, D.C., Daniel F. Lopez–Romo, U.S. Atty., Hato Rey, P.R., and Robert S. Greenspan, Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., were on brief for defendant, appellant.

Joyce M. Siemon, North Miami Beach, Fla., for plaintiff, appellee.

Before BREYER and TORRUELLA, Circuit Judges, and RE,* Judge.

RE, Chief Judge.

In this action, brought in the United States District Court for the District of Puerto Rico, plaintiff-appellee, Sabat Quiñones Candelario (Quiñones), seeks enforcement of a decision of the Office of Review and Appeals of the Equal Employment Opportunity Commission (EEOC) which granted him back pay. Defendant-appellant, the Postmaster General of the United States (Postmaster), appeals from an order of the court which granted Quiñones' motion for summary judgment.

Quiñones had filed an equal opportunity complaint with the Postal Service, alleging that the Postal Service had terminated his employment on the basis of a physical handicap, in violation of the Rehabilitation Act of 1973, as amended, codified at 29 U.S.C. §§ 701–796i (1988). The Postal Service rejected Quiñones' complaint, and Quiñones appealed to the EEOC. The EEOC determined that the Postal Service had illegally discriminated against Quiñones, and ordered the Postal Service to reinstate Quiñones and grant him back pay. The Postal Service reinstated Quiñones, but denied him back pay.

Pursuant to 42 U.S.C. §§ 2000e–5(g) and 2000e–16(c), Quiñones then brought these compliance proceedings in the district court. The court granted Quiñones' motion for summary judgment, and, on the basis of *res judicata*, barred the Postal Service from raising Quiñones' failure to mitigate damages by failing to make a reasonable effort to seek alternative employment after his termination from the Postal Service.

On this appeal, the Postmaster contends that the district court erred in granting Quiñones' motion for summary judgment, and denying the Postmaster, on the basis of *res judicata*, the right to raise as a defense in the enforcement action, Quiñones' failure to mitigate damages.

The question presented is whether the district court erred in holding that the Postmaster must raise the plaintiff's failure to mitigate back pay losses, before the EEOC, or be precluded from raising it in a subsequent compliance proceeding brought in the district court.

Since we hold that the district court improperly applied the doctrine of administrative *res judicata*, we reverse and remand for proceedings consistent with this opinion.

## BACKGROUND

Sabat Quiñones Candelario, a physically handicapped veteran, was hired by the United States Postal Service as a part time clerk, in August, 1979. On September 6, 1979, after a physical examination by a medical officer of the Postal Service conducted as a condition of his hiring, Quiñones was found medically unsuitable for employment, and his employment was immediately terminated.

Alleging that the Postal Service discriminated against him due to his disability, Quiñones filed an equal employment opportunity complaint with the Postal Service, pursuant to part 1613 of title 29 of the Code of Federal Regulations. *See* 29 C.F.R. § 1613.214 (1989). The Postal Ser-

---

* The Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

vice, in its final agency decision, found that it had not discriminated against Quiñones. Pursuant to section 231 of part 1613, Quiñones appealed the Postal Service decision to the EEOC. On April 8, 1985, the EEOC reversed the decision of the Postal Service, and ordered the Postal Service to "reinstate the appellant at the paygrade he would normally have reached if not terminated, and award him backpay for the period from his termination to his reinstatement."

On June 7, 1985, Quiñones was informed by the Postal Service that it would reinstate him pursuant to the EEOC decision, and would process his back pay claim in accordance with postal regulations as set forth in the Employee and Labor Relations Manual. As part of the back pay determination, Quiñones was required to submit proof of his interim earnings, and of his efforts to obtain alternative employment. Accordingly, Quiñones submitted documentation to the Postal Service indicating that after his termination, apart from 100 hours of part-time work, he had no interim earnings. Quiñones also submitted evidence that he had searched for alternative employment.

Since the Postal Service determined that Quiñones had not submitted adequate proof that he had made reasonable efforts to obtain alternative employment, it denied him back pay. Subsequently, Quiñones filed this action in the United States District Court for the District of Puerto Rico, under 42 U.S.C. §§ 2000e–5(g) and 2000e–16(c), seeking enforcement of the EEOC order granting him back pay. Quiñones also sought costs and attorney fees.

Contending that, on the basis of administrative *res judicata*, the Postmaster's failure to assert the defense of lack of mitigation before the EEOC barred the Postmaster from raising the issue before the district court, Quiñones filed a motion for summary judgment. *See Quiñones Candelario v. Postmaster General of the United States*, 715 F.Supp. 414, 417 (D.P. R.1989).

Noting that "[t]he principles of collateral estoppel have long been applicable when an administrative agency is acting in a judicial capacity[,]" the district court stated that " '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.' " *Id.* (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981)). After stating that "there is no doubt that the EEOC serves in a judicial capacity, resolving issues of fact and providing the parties opportunity to litigate all the issues," *id.* at 417, the district court concluded that "[t]he interests of fairness, judicial economy, and enforcement of repose prohibit the defendant from collaterally attacking the EEOC award in the present proceeding." *Id.* at 418. Accordingly, the district court granted Quiñones' motion for summary judgment.

■ On this appeal, the Postmaster contends that the district court erred in denying the Postmaster the right to assert, as a defense in the enforcement action, Quiñones' failure to mitigate damages by seeking alternative employment during the course of the agency dispute. The Postmaster submits that "backpay calculation is not normally the subject of EEOC administrative proceedings on the merits of federal sector employment discrimination complaints." Hence, the Postmaster maintains that "the Postal Service is not precluded from raising failure to mitigate at the separate compliance stage where such issues normally are considered."

## DISCUSSION

Under the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981).

In *Cromwell v. County of Sac*, 94 U.S. 351, 353, 24 L.Ed. 195 (1876), the Supreme Court stated that:

a judgment estops not only as to every ground of recovery or defence actually presented in the action, but also as to every ground which might have been presented, ... when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever.

See also Restatement (Second) of Judgments § 22(2)(b) and comment (b) (1982).

More pertinent to the present case is the statement of the Supreme Court that "[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966). See also University of Tennessee v. Elliott, 478 U.S. 788, 797–98, 106 S.Ct. 3220, 3225–26, 92 L.Ed.2d 635 (1986); McCuin v. Secretary of Health and Human Servs., 817 F.2d 161, 172 (1st Cir.1987). It would seem clear that, in the administrative proceeding in question, the EEOC acted in a judicial capacity. The EEOC reviewed the hearing conducted before the Postal Service, the affidavits and exhibits submitted to the Postal Service, and the report of Quiñones' medical examination. From this material, the EEOC adjudicated Quiñones' claim. Since the EEOC acted in a judicial capacity, any factual determinations that it made may be subject to the doctrine of res judicata.

Nevertheless, in the context of administrative proceedings, res judicata is not automatically and rigidly applied in the face of contrary public policy. See, e.g., Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988); International Harvester Co. v. Occupational Safety and Health Review Comm'n, 628 F.2d 982, 986 (7th Cir.1980). For example, res judicata should not be applied when it would result in a "manifest injustice." See Marlene Indus. Corp. v. NLRB, 712 F.2d 1011, 1017 (6th Cir.1983); Tipler v. E.I. duPont deNemours and Co., 443 F.2d 125, 128 (6th Cir.1971). In this case, estopping the Postal Service from asserting Quiñones' failure to mitigate damages would be a "manifest injustice," and would violate the statutory mandate in compliance proceedings brought before the district court that "[i]nterim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable." 42 U.S.C. § 2000e–5(g) (1982).

The proceeding before the EEOC was concerned with a liability determination, and was not necessarily the appropriate forum for a precise determination of Quiñones' damages. The EEOC proceeding and the Postal Service determination that preceded it, were conducted pursuant to part 1613 of title 29 of the Code of Federal Regulations. Sections 231 to 240 of part 1613 permit a complainant to appeal an agency decision to the EEOC. Nowhere do these sections direct the EEOC to determine in that proceeding the specific amount of back pay due the complainant.

Section (4) of appendix A of part 1613, entitled "Backpay," provides that a complainant found to be discriminated against "must receive a sum of money equal to what would have been earned by the discriminatee in the employment lost through discrimination ... less what was actually earned from other employment during the period, after normal expenses incurred in seeking and holding the interim employment have been deducted...." It is important to note, however, that part 1613 pertains to complaints processed before the alleged discriminating agency, as well as appeals to the EEOC, and section (4) does not specify which body must determine back pay in the first instance.

Furthermore, in practice, it appears that in typical proceedings the EEOC does not compute back pay in the first instance. In Snow v. United States Postal Service, Fed. Equal Opp. Rep. ¶ 881030 (Sept. 30, 1987), the EEOC reversed a decision of the Postal Service that had rejected the complainant's allegations of discrimination. The EEOC ordered the Postal Service to

reinstate the complainant, and to award him back pay, less any salary earned during the relevant time period. Following the EEOC decision, the Postal Service made a specific determination of the complainant's back pay, and reduced the award because of a failure to mitigate damages. On appeal, the EEOC affirmed the Postal Service's back pay determination. Hence, it is not unusual for the EEOC to remand to the Postal Service for a specific determination of the amount of back pay due a complainant whom the EEOC has found to have been the victim of discrimination.

■ Moreover, *res judicata* should not be invoked when its application would not serve its underlying purposes or goals. *See International Harvester,* 628 F.2d at 986 (citing *Bowen v. United States,* 570 F.2d 1311, 1321 (7th Cir.1978)). In this case, to preclude the Postal Service from raising before the district court Quiñones' failure to mitigate his damages would not foster administrative efficiency. To give preclusive effect here would require the EEOC, in future appeals from agency decisions, to make a specific determination of the amount of back pay due a complainant. A complainant's lost wages, as well as a complainant's opportunities for promotion, are matters that can best be considered and determined by the agency which had employed the complainant. Hence, the interests of administrative efficiency favor the agency, rather than the EEOC in determining in the first instance the specific amount of back pay due to a complainant.

Quiñones also moved before this court for a grant of attorney's fees for the appeal. In support of the motion, Quiñones cites 42 U.S.C. §§ 2000e–5(k) and 2000e–16(d), which allows a district court to grant attorney's fees to plaintiffs who are "prevailing parties" in actions seeking enforcement of EEOC orders. Since we are reversing the decision of the district court, Quiñones is not a "prevailing party," and, hence, is not entitled to attorney's fees.

## CONCLUSION

Since we hold that the doctrine of administrative *res judicata,* was erroneously applied, the decision of the district court is vacated, and the case is remanded for proceedings in accordance with this opinion.