**Cynthia L. BOREN, Plaintiff— Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner of Social Security, Defendant— Appellee.**

No. 05–35767.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2007.

Filed June 18, 2007.

Talbot & Associates, P.S., Tacoma, WA, for Plaintiff–Appellant.

Leisa Wolf, Esq., SSA—Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: HUG, McKEOWN, and W. FLETCHER, Circuit Judges.

MEMORANDUM \*\*

The Social Security Commissioner found Appellant Cynthia Boren disabled since October 9, 2002. Boren seeks review of the Administrative Law Judge's ("ALJ") application of res judicata barring any reconsideration of "disability" prior to February 25, 2000, the date the first ALJ

---

ed by 9th Cir. R. 36–3.

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

found Boren "not disabled." We now reverse and remand.

The doctrine of res judicata is not rigidly applied to disability determinations. *See Fair v. Bowen,* 885 F.2d 597, 600 (9th Cir.1989). The enforcement of res judicata in such cases "must be tempered by fairness and equity." *Thompson v. Schweiker,* 665 F.2d 936, 940 (9th Cir. 1982). A rigid application of res judicata is not appropriate here because Boren was not represented by an attorney during her first hearing. *See e.g., Gregory v. Bowen,* 844 F.2d 664, 666 (9th Cir.1988); *Lester v. Chater,* 81 F.3d 821, 827–28 (9th Cir.1996) (amended). The record is inadequate to support the findings of the ALJ in the prior proceeding. *See Thompson,* 665 F.2d at 941 ("Where the record is patently inadequate to support the findings the ALJ made, application of res judicata is tantamount to a denial of due process."). Both of the consulting physicians expressed the need for MRI. One of these physicians expressly noted, "exam incomplete," throughout the medical assessment form that he submitted to the ALJ. We remand with instructions to consider whether she was disabled prior to September 30, 1998, the date she was last insured for disability benefits.

### REVERSE and REMAND.

Judge Fletcher respectfully dissents from the decision to remand for further proceedings.