
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHANNON WIKOFF, | No. 08-36043 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00048-CSO |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration General Counsel, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Carolyn S. Ostby, Magistrate Judge, Presiding

Submitted July 16, 2010[**]
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and HART, Senior District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable William Hart, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

Shannon Wikoff appeals from the district court's affirmance of the final decision by the Commissioner of Social Security denying Wikoff's application for disability insurance benefits and supplemental security income payments. We affirm.

I

Substantial evidence in the record supports the ALJ's finding that Wikoff's mental impairments did not meet or equal the criteria of any impairment in the Commissioner's Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1. Although Dr. Dennis suggested Wikoff would have marked problems with persistence, he stated that this was based upon Wikoff's reports, which the ALJ did not find credible. Because Wikoff did not contest the ALJ's adverse credibility finding before the district court, she is precluded from doing so on appeal. *See Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001). "Thus, the ALJ's adverse credibility determination supports the limited rejection of [Dr. Dennis's] opinion because it was primarily based on [Wikoff's] subjective comments concerning [her] condition." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). And because Wikoff failed to show she had any marked limitations, she

2

cannot establish that her impairments resulted in at least two of the B criteria. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04(B), 12.06(B), 12.08(B).

II

The ALJ provided "specific and legitimate" reasons for rejecting the opinion of Dr. Van Dyk, which was contradicted by the opinion and findings of Dr. Mozer. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). To the extent that Dr. Van Dyk's opinion was based on Wikoff's subjective assertions, which were not found credible, this was a specific and legitimate reason for the ALJ to reject the opinion. *See Tommasetti*, 533 F.3d at 1041. Also, Dr. Van Dyk's opinion was inconsistent with Dr. Mozer's findings, which indicated that Wikoff's subjective complaints were not as severe as alleged. "Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Further, Dr. Van Dyk's treatment notes – which indicated that Dr. Van Dyk believed Wikoff was capable of going to college and

3

finding appropriate employment after her alleged onset date – were inconsistent with his May 2007 opinion.[1]

## III

Although Dr. Dennis suggested that Wikoff would have difficulties with consistency and sustainability, substantial evidence in the record supports the ALJ's conclusion that Wikoff was capable of engaging in unskilled work activities on a regular and continuing basis. As the ALJ noted, Wikoff had relationships with boyfriends and other friends; cared for her daughter bi-weekly, lived on her own, drove, and shopped for groceries; and performed well on mental status testing. Moreover, it's reasonable to infer from the record that Wikoff was able to perform substantial gainful activities while suffering mental impairments as severe as those she suffered later, after her alleged onset date. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." (citation omitted)); *cf. Gregory v. Bowen*,

---

[1] The ALJ also provided valid reasons for rejecting the non-medical sources' opinions supporting Van Dyk's May 2007 opinion.

844 F.2d 664, 667 (9th Cir. 1988) ("[S]ubstantial evidence indicated that the condition of Gregory's back had remained constant for a number of years and that her back problems had not prevented her from working over that time."). Further, the ALJ's assessment of Wikoff's residual functional capacity incorporated Dr. Van Dyk's and Dr. Mozer's suggestions that Wikoff should avoid work that was stressful or technical.

AFFIRMED.