**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSHUA ROGAL,

          Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

          Defendant - Appellee.

No. 13-35319

D.C. No. 3:12-cv-05158-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted
August 26, 2014—Seattle, Washington

Before: WARDLAW, GOULD, and CHRISTEN, Circuit Judges.

    We affirm the district court's judgment because substantial evidence

supports the Administrative Law Judge's (ALJ) denial of benefits based on Rogal's

residual functional capacity (RFC) assessment, the ALJ's finding that Rogal's

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

testimony was not fully credible, and the ALJ's conclusion that Rogal could perform various low-intensity jobs.

In June 2002, Joshua Rogal was seriously injured in a car crash, requiring multiple procedures to aid his recovery. His injuries healed, but Rogal continued to suffer from complications that were intensified by a second car crash in 2006. Rogal worked at different times as a cashier, an administrative assistant, a teacher's aide, a home attendant, a film/tape librarian, and a psychiatric aide.

On July 22, 2008, Rogal filed for disability benefits, alleging disability since May 15, 2008. After denials by the Social Security Administration, Rogal had a hearing before an ALJ on July 15, 2010. Rogal testified as to occupational and functional limitations arising from his claimed disability, including his inability to: (1) concentrate, sit, or stand for long periods; (2) walk for relatively short distances without stopping; or (3) perform basic household chores. A vocational expert also testified at the ALJ hearing, opining that a person of Rogal's age, education, and work experience could—depending on factors including postural limitations—work as a film/tape librarian, a teacher's aide, a cashier, a hotel/motel housekeeper, a semiconductor die loader, a sack repairer, or an assembler.

On September 24, 2010, the ALJ found Rogal not disabled despite having certain "severe" impairments because Rogal's age, education, work experience,

2

and RFC showed that he could perform other jobs existing in significant numbers in the national economy. In assessing Rogal's RFC, the ALJ considered Rogal's medical records; Rogal's testimony about his own limitations; and lay and medical testimony related to Rogal's occupational and functional limitations.

The ALJ found that Rogal's functional abilities were not as limited as he claimed and, consequently, found Rogal's testimony not fully credible. The ALJ considered, but gave little weight to, the testimony of two doctors, finding their testimony to be internally inconsistent and largely unsupported by the medical evidence in the record. The ALJ also determined that the doctors based their testimony on Rogal's own accounts of his limitations, which the ALJ found not fully credible. Similarly, the ALJ discounted lay evidence from Rogal's mother and one of his friends because it was contradicted by the medical record and based largely on Rogal's own representations.

After Rogal appealed to the district court, the magistrate judge, whose conclusions were adopted by the district court, found that the ALJ: (1) did not commit reversible error in evaluating the medical evidence; (2) gave valid reasons for finding Rogal not fully credible and for rejecting lay witness evidence; and (3) did not err in assessing Rogal's RFC or in finding him capable of performing some of his past jobs or, alternatively, of performing other low-intensity jobs. The

district court entered an order adopting the magistrate judge's report and recommendation and affirming the Agency's decision to deny benefits. This appeal followed.

We review *de novo* a district court's judgment upholding a denial of Social Security benefits. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). However, we may set aside a denial of Social Security benefits "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

First, Rogal argues that the ALJ improperly found his testimony about his symptoms and limitations not fully credible. We disagree. Although the ALJ did not think that Rogal was "malingering," she properly rejected Rogal's tesitmony as to the severity of his symptoms by offering specific, clear and convincing reasons. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ found that Rogal's return to work shortly after his first car crash, though not dispositive, was evidence that his limitations were not severe enough to prevent him from working entirely. *See, e.g.*, *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988). The ALJ also found that Rogal's ability to perform daily activities contradicted his claimed cognitive limitations, the sort of inconsistency that an ALJ may consider when

4

weighing a claimant's credibility. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). Finally, the ALJ found that Rogal's course of treatment did not support Rogal's testimony, which is permissible as a "factor . . . [in an ALJ's] credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Accordingly, the ALJ's credibility determination was not erroneous and was supported by substantial evidence in the record.

Second, Rogal argues that the ALJ did not correctly evaluate medical evidence in several ways, namely by not identifying all of Rogal's "severe" impairments and by improperly evaluating, crediting, or rejecting various medical testimony. We conclude that there was no reversible error on any of these points. Rogal's argument that the ALJ did not properly identify all of Rogal's "severe" impairments is meritless. She recognized and properly satisfied her obligation to consider all of Rogal's impairments, severe or non-severe. As to all medical testimony except for Dr. Dixon's and Dr. Postigo's, the ALJ satisfied her obligation for rejecting medical testimony by giving "specific and legitimate reasons . . . supported by substantial evidence in the record." *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995), *as amended* (Apr. 9, 1996).

Although the ALJ did not discuss Dr. Postigo's medical opinion, Dr. Postigo did not treat Rogal after the alleged disability onset date. An ALJ "need not

5

discuss *all* evidence presented to her" if the evidence ignored is "neither significant nor probative." *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (italics in original). Dr. Postigo's opinion predates the alleged onset date of Rogal's disability. The ALJ did not err by not considering Dr. Postigo's opinion because it was not relevant to determine the disability alleged here.

The ALJ did not expressly state what weight she assigned to Dr. Dixon's opinion. This is required under the Agency's own rules and may have been error. *See* SSR 96-2P, at *5, 1996 WL 374188 (July 2, 1996). But even assuming error, it was harmless. "Even when an agency explains its decision with less than ideal clarity, [a reviewing court] must uphold it if the agency's path may be reasonably discerned." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (internal quotation marks omitted). Here, the ALJ thoroughly discussed Dr. Dixon's opinion and gave significant weight to Dr. Gollogly's opinion, which relied on Dr. Dixon's opinion.

Third, Rogal argues that the ALJ improperly evaluated lay witness evidence. We disagree. To disregard lay witness's testimony, "the ALJ must give reasons that are germane to each witness," *see id.* at 1114 (internal quotation marks omitted), unless the various witness' testimony is similar, in which case the ALJ "need only to point to" the reasons given for rejecting one lay witness' testimony.

6

*Id.* Here, the ALJ found each lay witness's testimony similar and based on Rogal's own representations about functional limitations. Because the ALJ properly discounted Rogal's own testimony as not fully credible, "it follows that the ALJ also gave germane reasons for rejecting [the lay witness] testimony." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Fourth, Rogal argues that the ALJ improperly determined his RFC and that her findings on this point were not supported by substantial evidence. Rogal's argument essentially restates his arguments related to medical and lay witness evidence. Moreover, no other bases for rejecting the ALJ's RFC assessment are in the record. Accordingly, the ALJ properly determined Rogal's RFC.

Fifth, Rogal argues that the ALJ improperly found non-disability based on the hypothetical presented to the vocational expert because the hypothetical did not fully capture Rogal's limitations. Because the ALJ properly found Rogal's testimony not fully credible and properly determined Rogal's RFC, Rogal's argument here lacks merit. Although the ALJ's hypothetical did not capture all of Rogal's alleged limitations, it did "contain[] all of the limitations that the ALJ found credible and supported by substantial evidence in the record," and as a result, the ALJ's "reliance on testimony the [vocational expert] gave in response to

the hypothetical therefore was proper." *Bayliss*, 427 F.3d at 1217-18 (9th Cir. 2005).

AFFIRMED.