**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON ERNST,

          Plaintiff - Appellant,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

          Defendant - Appellee.

No. 13-35462

D.C. No. 3:12-cv-05297-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted November 3, 2014[**]

Before: LEAVY, GRABER, and W. FLETCHER, Circuit Judges.

Jason Ernst appeals the district court's judgment affirming the denial of his

applications for disability insurance benefits and supplemental security income

under Titles II and XVI of the Social Security Act. We have jurisdiction under 28

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review the administrative law judge ("ALJ")'s decision for substantial evidence.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  We vacate and remand for reconsideration.

Ernst is thirty years old.  He has been developmentally delayed his entire life, likely as a result of fetal alcohol syndrome.  He graduated from an "extended" high school program in 2004, at age twenty.  While in high school, he enrolled in a local employment support program, through which he bagged groceries and mopped bathrooms at Safeway.  He was fired in 2006 because he had trouble following instructions and remembering to show up for work.  Over the next two years, Ernst was hired at, and subsequently fired from, at least five jobs, never remaining employed for more than three months.  In one of these jobs, he worked briefly and unsuccessfully as a janitor.  His employers found he could not perform tasks quickly enough, and often forgot simple instructions.  As he put it during his disability hearing, "[N]o matter how hard I would try, I'd always be behind."

Ernst applied for disability benefits in 2009.  In connection with his application, Ernst was evaluated by two psychologists, Michael Boltwood and Norma Brown.  Both doctors concluded that Ernst was very slow in processing information and performing tasks.  Both doctors tested his cognitive processing; his performance was below the tenth percentile.  Dr. Boltwood gave him a

2

Wechsler Adult Intelligence Scale (WAIS) test, and found that his "full scale" IQ was below the seventh percentile. His "working memory" and "processing speed" scores fell below the third and fourth percentiles. Dr. Boltwood nonetheless concluded that Ernst could find and keep employment, based on "his demonstrated ability to find work in the past." Dr. Brown concluded that Ernst could not: "He will likely need to work, if he does, in a sheltered work environment which provides for one-to-one supervision."

In 2009, the state agency denied Ernst's application for disability benefits, and he requested a hearing before an ALJ. At the hearing, the ALJ took testimony from Ernst and a vocational expert. In January 2011, the ALJ denied Ernst's claim for benefits. He gave "significant weight" to Dr. Boltwood's opinion that Ernst could "sustain gainful employment in spite of his cognitive limitations" and "little weight" to Dr. Brown's opinion that Ernst would need to work in a sheltered work environment. He noted that Dr. Brown did not review Ernst's IQ scores and "did not adequately consider the fact that the claimant worked successfully at Safeway." He further concluded, on the basis of the vocational expert's testimony, that Ernst could likely find sustained work as a janitor, a production assembler, or as a hand packager.

3

Ernst argues that the ALJ failed to consider whether he is capable of working on a sustained basis outside of "sheltered" environments. *See Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988). We agree. The weight of the evidence suggests that Ernst has never held a job for any sustained period outside of sheltered environments. The only job that Ernst held for more than four months was his job as a courtesy clerk at Safeway, which he obtained through a supported employment program. The ALJ relied on Dr. Boltwood's conclusion that Ernst could "sustain gainful employment in spite of his cognitive limitations" based on Ernst's "demonstrated ability to find work in the past." But "substantial gainful activity means more than merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time." *Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999). Here, while Ernst has been able to *find* work, he has never been able to *keep* it: he has quickly lost every non-sheltered job he has ever had because his employers find he is incapable of following instructions and works too slowly. The ALJ made no mention of this evidence.

The ALJ improperly discounted the opinion of Dr. Brown that Ernst was incapable of performing competitive work on a sustained basis. When two doctors disagree, an ALJ is entitled to reject one doctor's opinion only on the basis of

4

"specific and legitimate reasons." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Here, Dr. Brown concluded that Ernst could work on a sustained basis, if at all, only in a sheltered environment. The ALJ gave "little weight" to her opinion, concluding that it was "inconsistent with the medical record as a whole." The ALJ noted in particular that Dr. Brown had not had the "opportunity to review [Ernst's] 2009 WAIS-III test scores." It is true that Dr. Brown did not perform a WAIS test, and she appears not to have seen the results of the WAIS test performed by Dr. Boltwood. But if Dr. Brown had seen the result of Dr. Boltwood's WAIS test, she would have discovered that Ernst's "processing speed" was in the fourth percentile, and that his "working memory" was in the third percentile. Far from undermining Dr. Brown's opinion, these scores would have strongly supported it. The only remaining distinction between the psychologists' assessments is that Dr. Boltwood did not consider — and may not have been aware of — the evidence that Ernst had never been able to keep a job in a non-sheltered environment. The ALJ therefore lacked "specific and legitimate reasons" to credit Dr. Boltwood's opinion over Dr. Brown's.

Because the ALJ failed to consider whether Ernst is capable of performing sustained competitive work outside of sheltered environments, we **VACATE** and

5

**REMAND** for reconsideration of Ernst's application for benefits. The parties shall bear their own costs on appeal.

*Ernst v. Colvin*, 13-35462

LEAVY, Circuit Judge, dissenting.

The ALJ found that Ernst has severe impairments in the form of borderline intellectual functioning, mood disorder, and generalized anxiety disorder. However, the ALJ also found that Ernst's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment, and that Ernst reported inconsistently regarding his activities of daily living. The ALJ considered the opinions of two consulting psychologists, Dr. Boltwood and Dr. Brown.

The ALJ found Dr. Boltwood's opinion well-supported with clinical findings and consistent with the medical record as a whole. Dr. Boltwood opined, "I agree that [Ernst] would be a good candidate for a program such as DVR [Department of Vocational Rehabilitation] that would help him with the process of finding suitable employment and hopefully also providing ongoing vocational support." Dr. Boltwood gave no opinion about working in a "sheltered workshop."

The ALJ discussed Dr. Norma Brown's opinion that the claimant "may have mild mental retardation and would likely need to work in a sheltered work environment that provides on-on-one supervision." The ALJ gave Dr. Brown's opinion little weight because, although her opinion was consistent with her own clinical findings, her opinion was inconsistent with the record as a whole. The ALJ

explained:

> "As noted above, upon examination in 2009, the claimant performed relatively well on mental status exam and described relatively intact daily activities. It does not appear that [Dr. Brown] had the opportunity to review the claimant's 2009 WAIS-III test scores. In addition, she did not adequately consider the fact that the claimant worked successfully at Safeway and reported that he lost the job due to partying too much."

The ALJ discussed the findings and opinions of both consulting psychologists, and based his finding of "not disabled" on the testimony of a vocational expert to the effect that claimant could do the jobs of janitor, production assembler, and hand packager.

I dissent because I can find no fault with the ALJ's findings and decision.