NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL MANNION,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

Defendant-Appellee.

No. 17-36026

No. 1:17-cv-00008-MA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted June 12, 2019[**]

Before:    FARRIS, LEAVY, and TROTT, Circuit Judges.

Daniel Mannion appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act.  We have jurisdiction under 28

U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review de novo, *Attmore v. Colvin*, 827

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 872, 875 (9th Cir. 2016), and we affirm.

The administrative law judge (ALJ) did not err in determining that Mannion's impairment did not meet or equal Listing 8.06 for hidradenitis suppurativa ("HS"). The evidence does not demonstrate that Mannion's condition fulfills the requirements of Listing 8.06. Specifically, Mannion has not shown his lesions are "extensive," meaning that they "result in a very serious limitation," such as those that interfere with joint motion and "very seriously limit" use of more than one extremity, those on the palms of both hands that "very seriously limit" fine and gross motor movements, or those "on the soles of both feet, the perineum, or both inguinal areas that very seriously limit your ability to ambulate." 20 C.F.R. § 404, Subpt. P, App. 1, Listing 8.00(C)(1). Mannion has not pointed to medical records showing that his lesions very seriously limit the use of his extremities, his fine and gross motor movements, or his ability to ambulate. His medical records instead indicate that his lesions did not affect these types of movements.

The ALJ did not err in determining Mannion's condition does not equal Listing 8.06. At the hearing before the ALJ, Mannion did not offer a specific theory to establish equivalence. The ALJ therefore was not required to analyze the evidence to make an equivalency determination. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

2

The ALJ gave clear and convincing reasons for discounting Mannion's testimony, citing inconsistencies between Mannion's reported daily activities and his alleged symptoms, inconsistencies between Mannion's testimony and other evidence in the record, and a lack of supporting medical evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). An ALJ may rely on evidence that the claimant's condition "ha[s] remained constant for a number of years" and "ha[s] not prevented [the claimant] from working over that time." *Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988).

The ALJ did not err by isolating periods of improvement in Mannion's condition when evaluating his testimony in light of his daily activities. The ALJ's discussion reviewed evidence of the severity of Mannion's condition at various times from 2012 through 2015. The ALJ reasonably interpreted Mannion's ability to take part in daily activities such as driving, shopping, and working part time from home as inconsistent with his allegations that he is unable to perform sedentary work. While Mannion objects to the district court's reasoning that Mannion's "symptom testimony is not credible because there are long periods when [he] has not sought medical treatment for his [HS]," the ALJ did not proffer this as a reason in support of discounting Mannion's testimony. The court

3

"review[s] only the reasons provided by the ALJ." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).

Mannion's contention that the ALJ erred by posing an incomplete hypothetical to the vocational expert assumes the ALJ erred in evaluating Mannion's testimony. Because the ALJ did not commit harmful error when evaluating Mannion's testimony, this contention lacks merit. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

**AFFIRMED.**