**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHELLE DELAPLAIN,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No.   17-35271

D.C. No. 2:15-cv-02439-HZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted February 11, 2020 [**]

Before:  LEAVY, TROTT, and SILVERMAN, Circuit Judges.

Michelle Delaplain appeals the district court's order affirming the Social

Security Administration's denial of disability benefits.  We have jurisdiction

pursuant to 28 U.S.C. § 1291.  We review the district court order de novo and the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

agency decision for substantial evidence and legal error. *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014). We affirm.

The ALJ gave clear and convincing reasons supported by substantial evidence for finding that Delaplain was not entirely credible. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (setting forth the standard). The ALJ reasonably found that Delaplain's testimony that she became disabled in 2008 was inconsistent with the medical records and her ability to mount and ride a horse. An ALJ may consider whether the alleged symptoms are inconsistent with medical records and daily living activities. *Id.* at 1112-13. Furthermore, it was reasonable for the ALJ to accept Dr. Henderson's opinion that Delaplain did not exert full effort during testing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The record also supported an inference that Delaplain engaged in substantial gainful activity in the past, while complaining of the same unchanged symptoms. *Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988). Finally, the ALJ did not rely on a lack of objective evidence or misunderstand fibromyalgia. He accepted the diagnosis and assessed limitations in light of the fibromyalgia.

The ALJ provided specific and legitimate reasons supported by substantial evidence for giving little weight to the opinions of Dr. Tyne. *Garrison*, 759 F.3d at 1012 (setting forth the standard). The opinions were brief, conclusory,

inadequately supported by medical rationale or findings, and inconsistent with medical records and Delaplain's ability to work with horses and to engage in other daily living activities. The ALJ could give less weight to the opinions for these reasons. *Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014); *Bayless v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). In addition, the ALJ reasonably gave less weight to the first opinion in light of the short treatment time. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).

The ALJ gave a germane reason for giving only partial weight to the lay statement. *Bayliss*, 427 F.3d at 1218 (holding that inconsistency with the medical evidence is a germane reason for giving less weight to lay testimony).

Finally, the ALJ made the relevant, required step three findings in this case. The ALJ considered the anxiety listing, made specific findings, and cited to the record. In light of Delaplain's failure to present medical evidence and raise a plausible theory of equivalence, the ALJ was not required to make findings about whether Delaplain's condition equaled the listing for inflammatory arthritis. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). Nor has she met her burden of establishing that her condition is equivalent to a listing.

**AFFIRMED.**