**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEGGI SUE MCINTYRE,<br><br>           Plaintiff-Appellant,<br><br>  v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security,<br><br>           Defendant-Appellee. | No.   20-35177<br><br>D.C. No. 2:19-cv-00019-BMM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted March 8, 2021[**]
San Francisco, California

Before:  WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Peggi Sue McIntyre appeals from the district court judgment affirming the

final judgment of the Commissioner of Social Security to deny her application for

disability benefits and supplemental security income under Titles II and XVI of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's order de novo and reverse only if the underlying decision from the Administrative Law Judge (ALJ) "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other grounds*. We hold that substantial evidence supports the ALJ's conclusions. We, therefore, affirm the judgment of the district court.

McIntyre alleges her disability began on December 29, 2015. Her alleged disability stems from degenerative disc disease, fibromyalgia, attention deficit disorder/attention deficit hyperactivity disorder, anxiety disorder, and affective disorder. However, she continued to work in various jobs until she was fired in May 2016. On June 23, 2016, she injured her back during a horseback riding accident and required surgery; she has not worked since her accident. The ALJ conducted the five-step evaluation process, pursuant to 20 C.F.R. §§ 404.1520(a) and 416.920(a), and he determined that McIntyre is not disabled within the meaning of the Social Security Act. The ALJ found that McIntyre has the residual functional capacity to perform light work or sedentary work with some limitations, and the ALJ held that there are a significant number of jobs in the national economy that she can still perform.

Substantial evidence supports the specific and legitimate reasons given by the

2

ALJ to discount, in part, the opinion of McIntyre's treating physician, Dr. Iuliano, regarding her recovery period after her lumbar fusion surgery. *See* 20 C.F.R. § 404.1527(c). The ALJ adequately explained that Dr. Iuliano's letter—which stated McIntyre would be "unable to work" for an "undetermined amount of time for her healing process" following her spinal surgery—was vague and was not intended to express a view on McIntyre's abilities after the limited healing period immediately following her surgery. *See Ford v. Saul*, 950 F.3d 1141, 1154–55 (9th Cir. 2020). Indeed, McIntyre's medical records from her follow-up appointments with Dr. Iuliano after her accident demonstrate that her condition had begun to improve. In addition, the separate medical opinion from the non-treating physician, Dr. Stevick, supports the finding that McIntyre could perform light work with limitations after her gradual recovery from surgery. We hold that the ALJ had discretion to reject McIntyre's broad reading of Dr. Iuliano's letter and of his approval of a 12-month disabled parking permit, and that the ALJ provided germane reasons for doing so.

The ALJ also offered specific, clear, and convincing reasons to discount McIntyre's testimony as to her "subjective pain or the intensity of [her] symptoms." *Molina*, 674 F.3d at 1112. For example, McIntyre's testimony about her mental health and physical limitations did not correspond with her demeanor, her statements to her various treating physicians, nor the medical evidence in the record, including evidence from non-treating physicians. *See Carmickle v. Comm'r Soc. Sec. Admin*,

533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony").

Moreover, McIntyre had acknowledged in previous discussions with her physicians that her long-standing, pre-accident physical and mental health conditions were marginally improved with medication and physical therapy when she complied with treatment, or at least had not prevented her from working up to 30 hours a week in the period immediately preceding her accident. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("Such evidence of medical treatment successfully relieving symptoms can undermine a claim of disability"); *see also Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988) (observing that a claimant's health condition "had remained constant for a number of years . . . [but] had not prevented her from working over that time"). Regardless, the ALJ accepted McIntyre's symptom testimony, in part, when it corresponded with objective, documented evidence because he restricted McIntyre to light or sedentary work with additional restrictions.

Substantial evidence supports the ALJ's hypotheticals posed to the vocational expert (VE) as well. Contrary to McIntyre's argument, the ALJ did not pose an incomplete hypothetical because he did not include her requested additional limitations; his hypotheticals included all limitations supported by the properly weighted medical opinions and objective evidence. The ALJ properly discredited

the evidence and subjective testimony that supported McIntyre's further requested limitations. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989) (holding that an ALJ's hypotheticals need not include limitations not supported by substantial evidence). Nevertheless, the ALJ still received testimony from the vocational expert regarding the alternative residual functional capacity restriction of sedentary work, which better aligned with McIntyre's requested limitations, and held that there are a substantial number of available jobs in the national economy for McIntyre under either residual functional capacity finding.[1]

**AFFIRMED.**

---

[1] McIntyre requested that we remand her claim to the ALJ with the direction that payment of benefits be awarded. Even if McIntyre had successfully established that she is entitled to remand, the appropriate remedy would be further proceedings rather than payment of benefits due to the inconsistencies between McIntyre's testimony and the medical records. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495–96 (9th Cir. 2015); *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1102 (9th Cir. 2014).