**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY S. CHARNEY,<br><br>          Plaintiff - Appellant,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>          Defendant - Appellee. | No. 14-55575<br><br>D.C. No. 2:13-cv-07080-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jacqueline Chooljian, Magistrate Judge, Presiding

Submitted April 1, 2016[**]

Before:     LEAVY, GRABER, and OWENS, Circuit Judges.

Jeffrey S. Charney appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his applications for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The administrative law judge ("ALJ") provided specific, clear, and convincing reasons supporting the finding that Charney's subjective symptom testimony was not credible. First, the ALJ noted that no clear correlation existed between Charney's impairments and the date he ceased working in April 2010. *See Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988). The ALJ also noted that, while Charney was diagnosed in April 2010 with a left knee medial meniscus tear and carpal tunnel syndrome in his left arm, there was no evidence that he subsequently was prescribed wrists braces, splints, knee braces, or other assistive ambulation devices. The ALJ further noted that a clinical examination in 2011 showed that, although Charney was unable to fully make a fist, his range of motion improved after multiple attempts, and that he tested negative for carpal tunnel syndrome. The ALJ also noted that Charney reported problems with back pain in 2008, before he stopped working, and that subsequent neurological and imaging tests in 2010 and 2011 were largely unremarkable.

Second, in finding Charney's subjective pain testimony not credible, the ALJ noted that minimal objective medical findings supported Charney's complaints, and no reports from any treating or examining medical sources

2

corroborated Charney's alleged degree of physical limitation. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir.1993) (ALJ properly discounted the claimant's allegations where no doctor "expressed the opinion that [the claimant] was totally disabled" or "implied that [the claimant] was precluded from all work activity.").

Third, the ALJ reasonably found that Charney's conservative course of treatment undermined his subjective complaints. Medical records indicate that Charney's treating physicians prescribed physical therapy, epidural injections, and pain medication, but surgery was not recommended for his leg or back pain. Contrary to Charney's contention, the ALJ did take into account his fibromyalgia and considered it a severe impairment. The ALJ found, however, no indication that Charney had sought out any consistent medical treatment for his fibromyalgia. A diagnosis of an impairment does not mean that the impairment is necessarily disabling. *See Young v. Sullivan,* 911 F.2d 180, 183 (9th Cir. 1990).

**AFFIRMED.**