+**Corrected 1/5/17**
**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 04 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CYNTHIA RUCKDASHEL,

    Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security Administration,

    Defendant - Appellee.

No. 15-35235

D.C. No. 6:13-cv-02065-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted December 30, 2016[**]

Before:    GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.+

    Cynthia Ruckdashel appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her applications for disability

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. At step five of the sequential analysis, the administrative law judge ("ALJ") determined that Ruckdashel could perform jobs that exist in significant numbers in the national economy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The ALJ did not err in rejecting the contradicted opinion of treating physician Jeffrey K. Bert that Ruckdashel's impairments prevented her from working. The ALJ provided specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Bert's opinion by stating that Dr. Bert's opinion was conclusory, contradicted by the objective medical evidence, and relied heavily upon Ruckdashel's subjective reports regarding the severity of her disability. *See Valentine v. Comm'r Soc. Sec Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009). Moreover, because Dr. Bert's report was not inadequate to make a determination of disability, the ALJ did not err by failing to request additional information from Dr. Bert. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he requirement for additional information is triggered only when the evidence from the treating medial source is inadequate to make a determination to the claimant's disability.").

The ALJ provided clear and convincing reasons for partially rejecting Ruckdashel's testimony by stating that Ruckdashel worked full time with her impairments for several years without issue and her course of treatment was relatively conservative. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment); *Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988) (ALJ may consider a claimant's prior ability to work with an impairment when evaluating the alleged limiting effect of that impairment).

The ALJ provided germane reasons for only giving some weight to the opinions of lay witnesses Joseph Evans and Sharilyn Brown by stating that the opinions were largely accounted for in the residual functional capacity finding. *See Molina*, 674 F.3d at 1114 (ALJ must give reasons that are germane to each witness to discount competent lay witness testimony).

**AFFIRMED.**