**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERESA MARIE BERKEBILE, | No.   16-15846 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-01530-BAM |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding[**]

Submitted October 18, 2017[***]
San Francisco, California

Before:  HAWKINS, W. FLETCHER, and TALLMAN, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The parties consented to proceed before a magistrate judge.

[***]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff Teresa Berkebile ("Berkebile") appeals the district court's order upholding the Social Security Commissioner's decision denying her application for disability benefits. We affirm.

Berkebile argues that the Administrate Law Judge's ("ALJ") determination of her physical residual functional capacity ("RFC") was inaccurate because the ALJ erroneously rejected the opinion of Dr. Johnson, who had examined Berkebile, in favor of the opinion of Dr. Billinghurst, a non-treating state agency physician.

The Commissioner may not reject the opinion of an examining or treating physician without specific and legitimate reasons that are supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996). Here, the ALJ concluded that "based on the claimant's routine activities as well as her reports in the evidence of record regarding a higher level of functioning than that alleged" she was not as limited as indicated by Dr. Johnson.

While the ALJ could not exclusively rely on the opinion of Dr. Billinghurst to reject the opinion of examining physician Dr. Johnson, *id.* at 831, the ALJ additionally relied on clinical findings, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *See Batson v. Comm'r Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

The record shows Berkebile was able to participate in a number of activities around her home and manage physical pain through conservative treatments, such as ibuprofen and a neck pillow. In addition, the medical record Dr. Billinghurst reviewed included a later medical report by Dr. Stoltz, another examining physician, who reported normal range of motion and grip strength testing and opined Berkebile's only limits were working at unprotected heights or around moving mechanical parts because of her sleep apnea. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (reports of non-examining physicians "may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it"); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ gave specific and legitimate reasons for discounting the opinion of Berkebile's treating clinical psychiatrist, Dr. Howsepian. As a treating physician, Dr. Howsepian is accorded substantial deference. *Turner v. Comm'r Social Sec. Admin.*, 613 F.3d 1217, 1222 (9th Cir. 2010). The ALJ largely credited Dr. Howsepian's opinions regarding Berkebile's mental condition, acknowledged she could not perform her past work because of these problems, and included in the RFC that she could only follow simple instructions and needed to have limited contact with the general public.

The ALJ, however, also offered specific reasons for concluding Berkebile's functions were not as limited as Dr. Howsepian suggested in his October 2012 form, including the doctor's own treatment notes, which recommended she not pursue disability, indicated how well Berkebile was doing, especially in the several months preceding the opinion ("better than I have yet seen her"), and indicated she was stable on her psychiatric medications. The ALJ also permissibly considered that notwithstanding having had these conditions since childhood, she was previously able to work, complete college, and serve in the Army. *See Gregory v. Bowen,* 844 F.2d 664, 667 (9th Cir. 1988) (back condition had remained constant for a number of years but had not prevented claimant from working over that time); *see also Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

New evidence submitted after the ALJ's decision did not require remand. Dr. Baylor's opinion was based on Plaintiff's sleep apnea and resulting sleepiness on the job, which had already been addressed. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (to warrant remand, claimant must show "reasonable possibility" new evidence would have changed outcome). Nor does Dr. Howsepian's May 2013 opinion create a reasonable possibility of a different outcome, as it largely reflects the same opinions as in October 2012, but couched more in social security parlance.

4

Moreover, medical opinions issued after an adverse ruling are "less persuasive." *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996).

Finally, the ALJ agreed that Berkebile's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but found that her statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible. The ALJ provided sufficiently specific credibility findings and clear and convincing reasons for doing so, including a lack of medical evidence to corroborate the symptoms, *Batson*, 359 F.3d at 1196–97, inconsistency with reported daily activities, *Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009), and receipt of unemployment benefits together with testimony that claimant held herself out as available for work, *Carmickle v. Comm'r*, 533 F.3d 1155, 1161–62 (9th Cir. 2008).

**AFFIRMED.**