**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 10 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TATYANA PLUMMER, | No.   17-16827 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00753-AC |
| v. | |
| NANCY A. BERRYHILL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Allison Claire, Magistrate Judge, Presiding

Argued and Submitted December 19, 2018
San Francisco, California

Before:  BOGGS,** PAEZ, and OWENS, Circuit Judges.

Tatyana Plummer appeals from the district court's judgment affirming the

Administrative Law Judge's (ALJ) denial of disability insurance benefits and

supplemental security income for the period since August 27, 2010.  As the parties

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

are familiar with the facts, we do not recount them here. We review de novo a district court's decision to affirm the Commissioner of Social Security's ruling. *See Schneider v. Comm'r of Soc. Sec.*, 223 F.3d 968, 973 (9th Cir. 2000). We will reverse or modify an ALJ decision only if it contains legal error or is not supported by substantial evidence in the record. *Id.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The ALJ misapplied res judicata principles to Plummer's application. Because Plummer's prior application was denied, there was a presumption of nondisability during this subsequent unadjudicated period. *See Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). Evidence, however, showed that Plummer's condition had worsened since her prior application was denied, thus rebutting the *Chavez* presumption. *See Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995) ("An increase in the severity of the claimant's impairment would preclude the application of res judicata."). The ALJ acknowledged that Plummer's recent MRIs "showed some worsening herniation." The ALJ, therefore, erred in applying the *Chavez* presumption. *See Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988) ("The doctrine of res judicata should not be applied rigidly in administrative proceedings.").

Nonetheless, we affirm because the application of res judicata was harmless. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The ALJ's decision did

not rest solely on res judicata; rather, the ALJ also conducted a thorough review of the medical records and testimony to make an independent nondisability finding. The ALJ offered "specific, legitimate reasons" why some medical opinions were more persuasive than others. *Lester*, 81 F.3d at 831. This included discounting the opinion of Plummer's treating physician. The ALJ also provided "specific, clear, and convincing reasons" why Plummer's testimony lacked credibility, *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008), and "germane reasons" why her father's testimony warranted little weight, *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Because substantial evidence supports the ALJ's independent nondisability finding, we affirm. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

**AFFIRMED.**