NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALAN B. MCREYNOLDS, | No.    18-35994 |
| Petitioner, | D.C. No. 3:17-cv-05984-RJB |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Respondent. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge Presiding

Submitted December 13, 2019**
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and PRATT,*** District Judge

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***  The Honorable Robert W. Pratt, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

Plaintiff Alan B. McReynolds appeals the district court's decision affirming the Commissioner of Social Security's denial of disability benefits for a four-year period. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the Administrative Law Judge's (ALJ) decision for substantial evidence and legal error, *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014), we affirm.

McReynolds was a journeyman roofer until he fractured his spine in 2004. He then found—but declined—a job that complied with his post-injury work restrictions but offered lower pay and a longer commute. He sought disability benefits in 2007.

Under the five-step sequential analysis, the ALJ determined that McReynolds was not disabled because he could have performed available jobs in the economy following his injury. However, the ALJ concluded McReynolds was entitled to benefits as of May 14, 2008, his fifty-fifth birthday.[1]

McReynolds then spent a decade litigating that he should have received benefits from the date of his alleged disability onset in June 2004 through May 2008, too. This led to three more ALJ decisions, all denying benefits during this period, and three district court decisions, the most recent of which affirmed the benefits denial. At bottom, McReynolds argues that these decisions gave insufficient weight to certain testimony—from doctors, a physical therapist, his sister, and himself—

---

[1] "[A]t advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work." 20 C.F.R. § 404.1563(e).

and thus did not capture the extent of his mental and physical impairments.

If the record can reasonably support either affirming or reversing the agency's decision, we must affirm. *Hiler v. Astrue*, 687 F.3d 1208, 1211 (9th Cir. 2012). That is the case here. This is so because "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). In other words, the ALJ—not this Court—decides whether testimony is internally inconsistent or contradictory to a claimant's behavior. *See Rollins v. Massanari*, 261 F.3d 853, 857, 859 (9th Cir. 2001).

With respect to medical evidence, the ALJ's reasons for discounting testimony that depression caused McReynolds's disability were valid under Circuit law. *See Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988) (approving ALJ's finding that symptoms were not disabling when they did not prevent the claimant from working in the past). Furthermore, the ALJ reasonably accounted for McReynolds's prescribed need to change position every twenty minutes, as affirmed by the district court. To the extent the doctor's prescription was ambiguous, that ambiguity was the ALJ's to resolve.

With respect to non-medical evidence, the ALJ gave the then requisite "germane" reasons for rejecting testimony from two other witnesses—a physical

therapist and McReynolds's sister.[2] *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). The ALJ also permissibly discounted McReynolds's own testimony that he could not work because of a disability when he previously cited a lousy wage and commute for turning down a job. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

Because these evidentiary assessments were valid, so too were the ALJ's residual functional capacity and analysis at step five of the sequential evaluation. The ALJ's determination is supported by substantial evidence, therefore, we affirm the agency's decision.

**AFFIRMED.**

---

[2] Then-binding Social Security Ruling 06-03p required that "acceptable medical sources" receive more deference than "other sources." SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006), *rescinded by* 82 Fed. Reg. 15263-01 (Mar. 27, 2017).