**NOT FOR PUBLICATION**

**FILED**

JUN 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J.S.[*], | No. 22-35602 |
| Plaintiff-Appellant, | D.C. No. 6:20-cv-02163-SI |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[**] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted June 16, 2023[***]
Portland, Oregon

Before: TALLMAN and RAWLINSON, Circuit Judges, and RAKOFF,[****]
District Judge.

---

[*]     The record in this case is not sealed, but we have elected to use the Plaintiff-Appellant's initials in the interest of privacy.

[**]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[****]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Plaintiff-Appellant J.S. applied for disability benefits under Title II of the Social Security Act, contending that he was unable to work because he suffers from Crohn's Disease and bilateral osteoarthritis of the hands. An Administrative Law Judge (ALJ) with the Social Security Administration (SSA) concluded that J.S. was not disabled and denied his claim for benefits. J.S. challenged that denial by filing suit against the Acting Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The district court affirmed the ALJ's determination that J.S. was not disabled, and J.S. timely filed this appeal. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

SSA uses a five-step process for evaluating disability claims. *See* 20 C.F.R. § 416.920(a)(4). Here, the ALJ denied J.S.'s claim at Step Five. The ALJ agreed that J.S. had severe, medically determinable impairments which precluded him from doing his past work as a tractor-trailer driver, but found he had the residual functional capacity (RFC) to perform work which exists in significant numbers in the national economy. On appeal, J.S. challenges only the ALJ's RFC determination. J.S. contends the ALJ erred in discounting his testimony that he must empty his colostomy bag ten times per day. J.S. claims, and the Commissioner concedes, that the ALJ failed to appreciate the difference between "changing" and "emptying" a colostomy bag, which are two distinct actions. As a result, J.S. argues, the ALJ erroneously concluded that his symptom testimony was inconsistent with his

2

previous statements to a consultative medical examiner.

We review the district court's decision de novo and the ALJ's decision for substantial evidence or legal error. *Farlow v. Kijakazi*, 53 F.4th 485, 487 (9th Cir. 2022). "Substantial evidence . . . is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). An ALJ may not discount a claimant's subjective symptom testimony when there is objective medical evidence of an impairment which could produce the symptoms complained of, unless the ALJ gives "clear and convincing" reasons for doing so. *Id*. at 497. This means the ALJ must "show [her] work" by providing a "rationale . . . clear enough that it has the power to convince." *Id*. at 499. Even if an ALJ errs in discounting subjective symptom testimony, that error alone will not warrant reversal if the ALJ's overall conclusion is still supported by substantial evidence. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Here, the ALJ's error is harmless. The ALJ did not rely solely on J.S.'s statements to the consultative medical examiner in finding that his subjective testimony "concerning the intensity, persistence and limiting effects" of his symptoms was inconsistent with other evidence. The ALJ also observed that J.S. had left his prior job because of a positive drug test rather than because of his Crohn's Disease. An ALJ may find subjective symptom testimony incredible if the

3

claimant left work for a non-impairment related reason. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Similarly, the ALJ observed "there is no indication that the claimant's condition has worsened since he stopped working and he was able to do the job for many years despite his impairments." This is also a valid basis for discounting a claimant's symptom testimony. *Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988). Finally, the ALJ adequately accounted for J.S.'s need to empty the colostomy bag by including a requirement for an on-premises bathroom in the RFC. *See Carmickle*, 533 F.3d at 1163.

Because the ALJ gave valid, clear, and convincing reasons for discounting J.S.'s subjective symptom testimony which were supported by substantial evidence, her erroneous evaluation of his statements to the consultative examiner was ultimately harmless.

**AFFIRMED.**